IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JOHN DOE, JOHN DOE 2, JOHN DOE 3,
and JOHN DOE 4;

                Plaintiffs;

      v.

JOSEPHINE COUNTY;

             Defendant.

Case No. 1:12-cv-02080-CL
Consolidated with:
1:13-cv-00825-CL
1:13-cv-00724-CL

**ORDER**

---

JOHN DOE 5, JOHN DOE 6, and JOHN
DOE 7;

                Plaintiffs;

      v.

JOSEPHINE COUNTY;

             Defendant.

---

/ / /

/ / /

/ / /

JACK DOE, JACK DOE 3, and JACK
DOE 4;

                Plaintiff;

       v.

JOSEPHINE COUNTY;

                Defendant.

---

CLARKE, Magistrate Judge.

On November 6, 2014, Josephine County District Attorney Stephen Campbell submitted a file to the Court for *in camera* review. Mr. Campbell compiled the file in response to Plaintiffs' counsel's subpoena, dated October 30, 2014. It is comprised of police investigation notes, police reports, witness statements, court records, and other documents concerning Raymond Luckey and juvenile probationers.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). Under FED. R. EVI. 401's two-part test, evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence" and is "of consequence in determining the action." "Relevant information need not be admissible at trial" in order to justify discovery. FED. R. CIV. P. 26(b)(1). Rather, it simply must appear reasonably calculated to lead to the discovery of admissible evidence." *Id.*

The Plaintiffs in this case seek to vindicate the rights of juveniles allegedly abused by Luckey while in the care of Defendant's probation system. The documents produced for *in camera* review are relevant to that purpose. They appear reasonably calculated to lead to the discovery of admissible evidence. Moreover, given the apparent scarcity of documentation from the time period in question, Plaintiffs' need for the contents of this file appears quite high.

Mr. Campbell asserts the records are exempt from disclosure under Oregon law. This Court, however, is not bound by state law. *Gonzalez v. Spencer*, 336 F.3d 832, 835 (9th Cir. 2003) (noting district court could have ordered disclosure of juvenile file notwithstanding a state law), *abrogated on other grounds by Filarsky v. Delia*, 132 S. Ct. 1657 (2012). Nevertheless, the Court is mindful of the state's important interest in protecting the private information of juvenile probationers, their families, and others involved in the system.

Weighing the state's interest in keeping juvenile information confidential against the Plaintiffs' need for such information, the Court finds the scale tips in favor of disclosure. The parties have entered into a stipulated Protective Order (#19), approved by the Court, that is detailed, comprehensive, and sufficient to protect the privacy interests at stake. Accordingly, the Court orders production of the file pursuant to the Protective Order (#19). The Court will make copies of the file available for both parties to pick up from the Clerk's Office in the Medford Federal Courthouse.

It is so ORDERED and DATED this 20 day of November 2014.

MARK D. CLARKE
United States Magistrate Judge

Page 3 – ORDER