IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JOHN DOE, JOHN DOE 2, and JOHN DOE 3;

    Plaintiffs;

    v.

JOSEPHINE COUNTY;

    Defendant.

Case No. 1:12-cv-02080-CL
Consolidated with:
1:13-cv-00825-CL
1:13-cv-00724-CL

**ORDER**

JOHN DOE 5, JOHN DOE 6, and JOHN DOE 7;

    Plaintiffs;

    v.

JOSEPHINE COUNTY;

    Defendant.

/ / /

/ / /

/ / /

Page 1 – Order

JACK DOE, JACK DOE 3, and JACK
DOE 4;

                Plaintiffs;

      v.

JOSEPHINE COUNTY;

                Defendant.

CLARKE, Magistrate Judge.

    On July 31, 2014, Plaintiffs filed a Motion to Compel (#124) Defendant's compliance with Plaintiffs' discovery requests. In conjunction with their Motion to Compel, Plaintiffs sought sanctions against Defendant and Defendant's counsel. The record before the Court was not clear as to whether any responsive records were in existence and whether Defendant had diligently searched for them. Consequently, the Court ordered (#157) supplemental briefing and ultimately held an evidentiary hearing (#270). Based on the hearing testimony, the Court was satisfied that Defendant's employees had produced all non-privileged records in existence. Accordingly, on December 10, 2014, the Court denied (#276) Plaintiffs' Motion to Compel. However, the Court reserved the issue of sanctions for consideration along with the parties' pending motions for summary judgment.

    As the Court indicated in its order of December 10, 2014, this case presented discovery challenges given that many of the records sought are over 25 years old. The Court continues to be troubled by the course of discovery in this case. The Court and counsel probably could have better communicated and otherwise managed discovery to more efficiently and cost-effectively completed discovery. However, the Court ultimately found that Defendant's employees made a sincere and good faith effort to produce all responsive documents still in Defendant's custody

and control, and denied the Motion to Compel. The Court understands the frustration of Plaintiffs' counsel throughout discovery but, other than some added cost and time, does not find significant prejudice to Plaintiffs. Plaintiffs presented an extensive summary judgment factual record developed through discovery.

Plaintiffs raised an issue of alleged spoliation of evidence by Defendant related to the employee file of Ray Luckey and juvenile probation files. The Court does not believe this issue was fully briefed or developed at summary judgment and is better left as a pretrial issue for the trial judge.

The Court declines to exercise its discretion to impose discovery sanctions in this case. The Court is confident that the very experienced and capable counsel in this case will continue to be strong advocates for their clients while being professional toward each other and the Court.

It is SO ORDERED and DATED this 24 day of March 2015.

MARK D. CLARKE
United States Magistrate Judge