IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN DOE, JOHN DOE 2, JOHN DOE 3
and JOHN DOE 4,

        Plaintiffs,

    v.

COUNTY OF JOSEPHINE,

        Defendant.

Lead Case 1:12-cv-2080-CL
Consolidated cases:
1:13-cv-0724-CL
1:13-cv-0825-CL

---

JOHN DOE 5, JOHN DOE 6, and
JOHN DOE 7,

        Plaintiffs,
    v.

COUNTY OF JOSEPHINE,

        Defendant.

---

JACK DOE, JACK DOE 2, JACK DOE 3
and JACK DOE 4, J.T. and J.J.,

        Plaintiffs,

    v.

COUNTY OF JOSEPHINE,

        Defendant.

---

1   - OPINION AND ORDER

AIKEN, Chief Judge:

In these consolidated actions, plaintiffs filed suit under 42 U.S.C. § 1983 alleging federal constitutional violations and state law claims of negligence and vicarious liability against Josephine County (the County). Plaintiffs' claims arise from numerous instances of sexual abuse committed by a County probation officer, Ray Luckey, in the 1980s and 1990s.

On March 23, 2015, Magistrate Judge Clarke issued a Report and Recommendation in this case, recommending that defendant's motions for summary judgment be granted on plaintiffs' state law claims and denied on their § 1983 claims. Judge Clarke also recommends that plaintiffs' motion for partial summary judgment on the issue of liability be denied. Plaintiffs and defendant object. When either party objects to any portion of a magistrate judge's report and recommendation, the district court must make a de novo determination of that portion of the magistrate judge's report. See 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Plaintiffs and defendant filed timely objections, and I have given de novo review to Magistrate Judge Clarke's rulings. I adopt the Report and Recommendation, in part.

<u>DISCUSSION</u>

The background facts of these cases are set forth in the parties' briefing and the Report and Recommendation and will not be

repeated here.  In essence, plaintiffs allege that they were sexually assaulted and abused by Luckey while adolescent boys in the 1980s and early 1990s; plaintiffs are now in their thirties and forties.  In many cases, Luckey was the plaintiff's juvenile probation officer at the time of the abuse.  Plaintiffs allege that County officials had an unwritten practice of allowing Luckey to contact juveniles "without supervision or documentation of the contact" and contrary to "established policies, laws, and protocols."  Sec. Am. Compl. at 7-8 (doc. 119-1).  Plaintiffs also allege that the County knew or should have known that Luckey "posed a serious danger to juvenile males because of [his] predilection to sexually molest and psychologically injure male juveniles."  Id.

The County moved for summary judgment on grounds that plaintiffs' claims were barred by the statute of limitations.  In turn, plaintiffs moved for partial summary judgment as to liability, arguing that the County had notice of Luckey's inappropriate interactions with juvenile boys for many years but failed to supervise or monitor his conduct.

In ruling on the parties' motions for summary judgment, Judge Clarke found that the Oregon statute of repose barred plaintiffs' state law claims because they were filed more than ten years after the County's alleged negligent supervision of Luckey.  See Or. Rev. Stat. § 12.115(1) ("In no event shall any action for negligent injury to person or property of another be commenced more than 10

years from the date of the act or omission complained of."). However, Judge Clarke found that questions of fact precluded summary judgment on plaintiffs' § 1983 claims, because reasonable minds could differ as to when plaintiffs knew or should have known of their psychological injuries and the County's involvement in causing them. Judge Clarke also found that questions of fact precluded summary judgment regarding the County's liability.

I agree with Judge Clarke's reasoned analysis regarding the Oregon statute of repose, and I find no error. Plaintiffs allege claims of negligence against the County, and § 12.115 imposes a ten-year statute of repose from the date of the alleged negligence. See Or. Rev. Stat. § 12.115(1). Plaintiffs' reliance on § 12.117 - the statute of limitations for child abuse claims - is misplaced, as that statute applies to private rather than public parties. See Doe I v. Lake Oswego Sch. Dist., 353 Or. 321, 335-36, 297 P.3d 1287 (2013) (statute of limitations for child abuse applies to claims against private actors). It is undisputed that plaintiffs filed suit more than ten years after the County's alleged negligent supervision of Luckey. Therefore, I agree that plaintiffs' state law claims are barred.

However, I disagree that questions of fact exist regarding the accrual of plaintiffs' § 1983 claims. Instead, I find that the statute of limitations bars plaintiffs' claims and requires summary judgment in favor of defendant.

4    - OPINION AND ORDER

Oregon's two-year statute of limitations for personal injuries applies to actions brought under § 1983, and plaintiffs were required to file suit within two years after the accrual of their claims. Sain v. City of Bend, 309 F.3d 1134, 1139 (9th Cir. 2002); Or. Rev. Stat. § 12.110(1). Plaintiffs filed these actions on November 16, 2012; April 30, 2013; and May 15, 2013. Thus, if plaintiffs' claims accrued more than two years before those filing dates, their claims are barred by the statute of limitations.

While Oregon's statute of limitations applies to plaintiffs' § 1983 claims, federal law governs the accrual date of those claims. Wallace v. Kato, 549 U.S. 384, 388 (2007) ("[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law."). A civil rights claim accrues under federal law "when the plaintiff knew or in the exercise of reasonable diligence should have known of the injury and the cause of that injury." Lukovsky v. City & Cnty. of San Francisco, 535 F.3d 1044, 1050 (9th Cir. 2008); see also Bonneau v. Centennial Sch. Dist. No. 28J, 666 F.3d 577, 581 (9th Cir. 2012).[1] Importantly, the "actual injury" is the harm alleged in the

---

[1] Federal accrual law thus incorporates the discovery rule, which delays accrual of a claim until the plaintiff knew or should have known of the alleged injury and its cause. Lukovsky, 535 F.3d at 1048; Mangum v. Action Collection Serv., Inc., 575 F.3d 935, 940-41 (9th Cir. 2009) (accord). "There is a twist to the discovery rule: The plaintiff must be diligent in discovering the critical facts." Bibeau v. Pac. Nw. Research Found. Inc., 188 F.3d 1105, 1108 (9th Cir. 1999).

complaint, not the "legal wrong" that renders the injury actionable. Lukovsky, 535 F.3d at 1049-50. Regardless, "a plaintiff who did not actually know that his rights were violated will be barred from bringing his claim after the running of the statute of limitations, if he should have known in the exercise of due diligence." Bibeau v. Pac. Nw. Research Found. Inc., 188 F.3d 1105, 1108 (9th Cir. 1999).

Here, plaintiffs admit that they knew they had been abused by Luckey, and no plaintiff asserts that he did not know or realize that Luckey's abuse caused him injury at the time. See Pls.' Decls. at 2 (docs. 195-203). Further, given plaintiffs' allegations about the severity of the abuse, they would have known that Luckey's actions caused them injury. See Ernstes v. Warner, 860 F. Supp. 1338, 1341 (S.D. Ind. 1994) (the plaintiff's "age at the time of the alleged abuse and the nature of the abuse" left no question of fact concerning whether the plaintiff "knew or should have known of the alleged injury and its source"). Thus, plaintiffs knew or should have known they were injured at the time Luckey abused them or at least by the time they reached the age of majority.

Nonetheless, plaintiffs argue that their § 1983 claims did not accrue until they became aware that their lifelong, psychological injuries were caused by the sexual abuse they endured. Plaintiffs maintain that their ongoing psychological injuries - including depression, anxiety, substance abuse, violence, PTSD, and

difficulties with interpersonal relationships - can be caused by many factors; plaintiffs thus contend that they did not realize, and could not have realized, the connection between these psychological harms and Luckey's abuse until shortly before they filed suit. Accordingly, plaintiffs argue that their inability to discern the cause of their ongoing psychological injuries delayed the accrual of their claims against the County.

In so arguing, plaintiffs treat the psychological problems they have experienced in adulthood as separate and distinct from the injuries they admittedly suffered at the time of their abuse as juveniles. See Pls.' Resp. to Def.'s Objection at 2 (doc. 317) ("each Plaintiff suffered two distinct injuries"); Pls.' Combined Opp'n to Mot. Summ. Judg. at 25 (doc. 192) (arguing that plaintiffs' psychological injuries "are separate, independent 'injuries,' distinct from the physical assault, for purposes of accrual of the statute of limitations"). However, plaintiffs cannot defeat the statute of limitations by separating their ongoing psychological injuries from the physical and psychological harm they suffered at the time of Luckey's abuse; *all* of the harm arose from the same wrongful acts and *all* of the harm constitutes plaintiffs' "injury" for purposes of claim accrual. See K.E.S. v. United States, 38 F.3d 1027, 1030 (8th Cir. 1994) (rejecting the argument that the plaintiff's claim was "only for psychological injury" arising from prior sexual abuse, and that such claim did

not accrue until she learned that her psychological injury was caused by the abuse); Raethke v. Ore. Health Sci. Univ., 115 Or. App. 195, 199, 837 P.2d 977 (1992) ("The cases are clear, however, that one may not avoid the Statute of Limitations by characterizing the harm as two different kinds of injuries rather than one injury that has caused more damage than was originally contemplated.").[2]

Moreover, it is well-settled that a "cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages. The cause of action accrues *even though the full extent of the injury is not then known or predictable*." Wallace, 549 U.S. at 391 (citation omitted) (emphasis added). "Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief." Id. In other words, contrary to plaintiff's argument, not all injury arising from or caused by tortious conduct must be realized before a cause of action accrues. Even if plaintiffs did not realize or appreciate the severity or life-long

---

[2]Plaintiffs cite Sackman v. Liggett Group, Inc., 167 F.R.D. 6 (E.D.N.Y. 1996) to support their "separate and distinct" psychological injuries. However, Sackman involved New York's "two-injury" rule in the context of medical injuries, and that rule does not apply here. Regardless, under the New York two-injury rule, "diseases that share a common cause may nonetheless be held separate and distinct where the presence of one is not necessarily a predicate for the other's development." Id. at 13 (citation omitted). Here, plaintiffs' injuries suffered at the time of the abuse were the necessary predicate for the development of their psychological injuries.

effects of their psychological injuries at the time of the abuse, that fact does not delay the accrual of their claims or "restart" the statute of limitations.

Indeed, numerous courts have held that a plaintiff need not realize the extent, seriousness, or permanence of an injury for a claim to accrue. See Soliman v. Philip Morris Inc., 311 F.3d 966, 972 (9th Cir. 2002) (claim accrues when plaintiff first becomes aware that defendant's conduct caused injury); Gonzalez v. United States, 284 F.3d 281, 289 (1st Cir. 2002) ("[t]he plaintiff need not know either the full extent of the injury," or "that it was negligently inflicted" for a cause of action to accrue) (citation omitted); Goodhand v. United States, 40 F.3d 209, 212-13 (7th Cir. 1994) ("The statute of limitations begins to run upon the discovery of the injury, even if the full extent of the injury is not discovered until much later. . . . [T]o treat the complications of an injury as a new injury is pretty much to erase the rule that the plaintiff cannot wait to sue until he realizes the full extent of his injury"); Gregg v. Haw. Dep't of Pub. Safety, 2014 WL 4129525, at *9 (D. Haw. Aug. 18, 2014) ("Plaintiff's claims accrued when she was aware that she suffered injury from Defendants, and the fact that it was not until later that Plaintiff was formally diagnosed and/or that she learned the full extent of injury does not make the accrual date a moving target."); Maldonado-Gonzalez v. Puerto Rico Police, 927 F. Supp. 2d 1, 11 (D.P.R. 2013) ("Notice of the injury

9    - OPINION AND ORDER

occurs when there exist some outward or physical signs through which the aggrieved party may become aware and realize that he has suffered an injurious after effect, which when known becomes a damage even if at the time its full scope and extent cannot be weighed.") (quoting Torres v. E.I. Dupont De Nemours & Co., 219 F.3d 13, 19 (1st Cir. 2000)); Bohrer v. City Hosp., Inc. 681 F. Supp. 2d 657, 665 (N.D. W.Va. 2010) ("To be aware of an injury, a plaintiff need not know the full extent of his or her injury. The limitations period will run even though the ultimate damage is unknown or unpredictable.") (citation omitted).

For example, in Soliman, the Ninth Circuit held that a plaintiff's discovery of a subsequent injury does not delay the accrual of a claim. Soliman, 311 F.3d at 972. There, the plaintiff filed suit alleging numerous injuries arising from his decades-long addiction to tobacco products. Soliman, 311 F.3d at 970. The district court dismissed the plaintiff's action as time-barred, and the Ninth Circuit affirmed on appeal. In so ruling, the Ninth Circuit specifically rejected the plaintiff's argument that the statute of limitations did not begin to run until his subsequent diagnosis of respiratory ailments. Id. at 972. The court explained:

> The relevant date, however, is not when Soliman knew about [his respiratory disorders], but *when he should have known of any significant injury from defendants' wrongful conduct* ... Soliman alleges that he suffered a number of significant injuries from the cigarettes he smoked. *The injury he should have known about first is the one that starts the statute of limitations.*

Id. (emphasis added).[3] Thus, the Ninth Circuit held that the statute of limitations began running when the plaintiff knew or should have known of his addiction. Id. at 974-75.

Applying this well-established premise of federal accrual law, several courts have reached similar conclusions in the context of psychological injuries arising from childhood sexual abuse. In Varnell v. Dora Consol. Sch. Dist., 756 F.3d 1208 (10th Cir. 2014), the plaintiff filed suit against a school district under § 1983 to recover damages arising from a coach's sexual abuse. The plaintiff argued that her claims did not accrue "until she had discovered the extent of the injury inflicted on her by the abuse," because she was not able to connect her "chronic psychiatric injuries" to her coach's abuse until she underwent counseling several years later. Id. at 1215. The Tenth Circuit disagreed: "Plaintiff knew long before she filed suit all the facts necessary to sue and recover damages. Although she may not have known how harmful [the] abuse was, '[t]he cause of action accrues even though the full extent of the injury is not then known or predictable.'" Id. at 1216 (quoting Wallace, 549 U.S. at 391); see also K.E.S., 38 F.3d at 1030 (rejecting the plaintiff's argument that her claim arising from prior sexual abuse did not accrue until she learned that her psychological injury was caused by the abuse).

---

[3]Though the case was brought under California rather than federal law, the analysis and application of the discovery rule leads to the same result. See Soliman, 311 F.3d at 971-73.

Similarly, in <u>Singleton v. Clash</u>, 951 F. Supp. 2d 578 (S.D.N.Y. 2013), the district court discussed the accrual of claims alleged by victims of childhood sexual abuse against their abuser under 18 U.S.C. 2255(a). <u>Id.</u> at 587-88. The court rejected the plaintiffs' argument that their claims accrued only when they connected their ongoing psychological injuries to the abuse they suffered as minors. The district court reasoned that "[t]he dates on which the plaintiffs connected their psychological injuries to their victimizations are irrelevant to the dates on which their claims accrued." <u>Id.</u> at 588. Thus, "[t]he plaintiffs' 'injuries' for the purpose of accrual under Section 2255 were their victimizations by the defendant, not their appreciation of the subsequent psychological harm." <u>Id.</u> at 589. The Court of Appeals for the Second Circuit affirmed, finding that "the plaintiffs' complaints indicate that they were aware of this alleged conduct at the time that it occurred." <u>S.M. v. Clash</u>, 558 Fed. Appx. 44, 45 (2d Cir. 2014); <u>see also</u> <u>Doe 171 v. Order of Saint Benedict</u>, 2012 WL 1410320, at *2-3 (D.P.R. April 20, 2012) (claim seeking redress for childhood sexual abuse was time-barred where plaintiff knew the identity and conduct of abuser at the time of the abuse); <u>Cooksey v. Portland Pub. Sch. Dist.</u>, 143 Or. App. 527, 534, 923 P.2d 1328 (1996) ("That plaintiff later experienced physical and emotional symptoms resulting from the same incidents [of abuse] does not mean that the claims arising out of those incidents accrued later.").

Likewise, this Court has found that the statute of limitations barred claims arising from a physical and sexual assault allegedly suffered at the hands of City of Medford police officers when the plaintiff was a juvenile. V.T. v. City of Medford, 2015 WL 300270 (D. Or. Jan. 22, 2015). There, the plaintiff disclosed the abuse to a mental health counselor over twenty-five years later and filed suit against the city. The city argued that the plaintiff's claim was time-barred and the court agreed. Specifically, the court found that the plaintiff's § 1983 claim accrued at the time of the alleged abuse. "Although Plaintiff alleges that he did not discover his psychological injuries until later, the direct and violent nature of the alleged abuse" was such that "Plaintiff was aware of the injury." Id. at *3. The same is true in this case.

Here, each plaintiff stated in a declaration that he knew he was abused by Luckey. Pls.' Decls. at 2 (docs. 195-203). Further, the plaintiffs testified during depositions that they felt pain, shame, fear, anger and/or embarrassment after being abused by Luckey. Several plaintiffs turned to drugs and/or alcohol to "forget" the abuse or "cover" their shame, while others were afraid that their families and communities would reject them if they revealed the abuse; many did not disclose it for that reason. See Franz Decl. Ex. 101 at 42-45, 51, 53 (doc. 145-1); Franz Decl. Ex. 101 at 22-23, 25, 28-29, 42 (doc. 147-1); Franz Decl. Ex. 101 at 15, 19, 42 (doc. 151-1); Franz Decl. Ex. 101 at 17-20, 23 (doc.

154-1); Franz Decl. Ex. 101 at 21, 24, 27, 32 (doc. 163-1); Franz Decl. Ex. 101 at 27-28, 36-40 (doc. 172-1); Franz Decl. Ex. 101 at 19-21, 24, 30 (doc. 174-1); Franz Decl. Ex. 101 at 12-14, 16-17, 19 (doc. 176-1); Franz Decl. Ex. 101 at 18-19, 35-39, 45 (doc. 178-1).

I recognize that each plaintiff also declared that he "did not realize that the cause of [his] emotional and other problems was the sexual abuse" or "that Josephine County itself might be liable for [his] injuries." Pls.' Decls. at 2 (docs. 195-203). A psychologist who examined plaintiffs similarly stated that plaintiffs were "unaware until shortly before the filing of this lawsuit that [their] psychological harms were caused by Luckey's sexual abuse." Harper Decl. at 3 (docs. 204-10); see also Oneal Decl. at 2 (doc. 233) (regarding J.J.).[4] In other words, while plaintiffs knew they were abused, they did not realize the extent of harm caused by Luckey's abuse. As the preceding discussion of legal precedent makes clear, however, the fact that plaintiffs were unaware of the extent of the psychological harm they suffered does not negate the fact that plaintiffs were aware of some injury at

---

[4]Two other experts rendered opinions as to why child abuse victims often cannot appreciate or understand the connection between the abuse and their ongoing psychological injuries. Freyd Dec. (doc. 211); Brown Decl. (doc. 212). However, I note that these experts did not meet, examine, or interview any of the plaintiffs and rendered general opinions based on their review of the record. Further, I do not find that their opinions alter the relevant legal standard for determining the accrual of plaintiffs' claims.

the time of the abuse or shortly thereafter.[5] Thus, plaintiffs
belated discovery of the connection between their ongoing
psychological injuries and Luckey's abuse does not delay the
accrual of their claims or otherwise restart the statute of
limitations.

Finally, I am not persuaded by plaintiffs' reliance on the
Ninth Circuit's comment in Bonneau. See 666 F.3d at 581. There, the
Ninth Circuit held that the statute of limitations barred the
plaintiff's § 1983 claims arising from beatings he suffered from
elementary teachers as a child. The court declined to apply the
delayed accrual doctrine, because the plaintiff "was aware of the
injuries he experienced as a child as well as their causes at the
time of the beatings." Bonneau, 555 F.3d at 581. In dicta, the
court noted that the plaintiff "allege[d] no other injuries whose
cause he belatedly discovered can be traced to the alleged abuse."

---

[5]Consequently, unlike many of the cases cited by plaintiffs,
this is not a case where the plaintiffs had "no idea" that they
had been harmed at the time of the abuse. Bibeau, 188 F.3d at
1108; see, e.g., Simmons v. United States 805 F.2d 1363, 1367
(9th Cir. 1986) (questions of fact precluded summary judgment
where the plaintiff alleged that she did not know a sexual
relationship with her therapist caused her injury until a
subsequent psychiatric consultation); J.I. v. United States, 2007
WL 2751597, at *3, 6-7 (W.D. Wash. 2007) (district court found
questions of fact regarding accrual of claims arising from
childhood sexual abuse where the plaintiff alleged "that he did
not realize that he was injured by the sexual contact until well
after the events occurred," and a psychologist reported that the
plaintiff had viewed the molestation as "love" rather than
abuse); Mason v. Marriage & Family Ctr., 228 Cal.App.3d 537, 544
(1991). Unlike Simmons, J.I., and Mason, plaintiffs here do not
maintain that they did not realize Luckey's abuse harmed them.

15   - OPINION AND ORDER

Id. Notably, this statement has no supporting legal citation and was made in the context of remarking that a claim accrues when the plaintiff "'knew or in the exercise of reasonable diligence should have known of the injury and the cause of that injury.'" Id. (quoting Lukovsky, 535 F.3d at 1050). I therefore decline to rely on this statement to hold that a claim arising from sexual abuse does not accrue until a plaintiff discovers the extent of all psychological harm caused by that abuse.

Accordingly, the statute of limitations in these cases did not begin to run only after plaintiffs realized that their ongoing psychological injuries were caused by Luckey's abuse. Rather, plaintiffs' claims accrued and the statute of limitations began to run when they "knew or in the exercise of reasonable diligence should have known" of some injury caused by the abuse and the causal connection between the County's conduct and their injuries. Lukovsky, 535 F.3d at 1050.

The County argues that plaintiffs should have known at the time of their abuse that the County potentially contributed to their injuries because Luckey was a County employee. However, some plaintiffs were not supervised formally by Luckey and they and others were abused in Luckey's home or places unaffiliated with the County. Depending on the circumstances, the fact of Luckey's employer might not have placed plaintiffs on notice that the County somehow contributed to Luckey's criminal actions. Further,

plaintiffs were minors at the time, and Luckey allegedly threatened them with retribution. See Or. Rev. Stat. § 12.160(1),(2) (statute of limitations is "tolled for so long as the [plaintiff] is younger than 18 years of age" but may not extend "for more than one year after the person attains 18 years of age"); Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) ("State law governs the statute of limitations period for § 1983 suits and closely related questions of tolling."); M.N.O. v. Magana, 2006 WL 559214, at *3 (D. Or. Mar. 6, 2006) (threats to a plaintiff may toll the limitations period).

I therefore cannot find that the statute of limitations began running at the time of Luckey's abuse. Further, given the record before the court, questions of fact remain as to the precise date on which plaintiffs' claims accrued and the statute of limitations began to run. Nonetheless, for purposes of defendant's motions, it is not necessary to determine the exact date on which plaintiffs' claims accrued. Instead, I need only determine whether the undisputed facts establish that plaintiffs' claims accrued more than two years before they filed suit. I find that they do.

Notably, plaintiffs allege that it was "common knowledge" that Luckey had a "prurient interest" in juvenile boys and "had molested juvenile males in his charge" during the time he abused plaintiffs in the 1980s and 1990s. See Sec. Amend. Compl. 3 (doc. 119-1); Pls.' Combined Opp'n to Mot. Summ. Judg. 15-16 (doc. 192). If Luckey's conduct toward juvenile boys was commonly known,

presumably such information would have been readily discoverable
before 2010. More significantly, in 1994 a former juvenile
probationer filed a federal lawsuit against both the County and
Luckey, alleging sexual abuse by Luckey and failure to act by the
County. See Haney v. Josephine County, Case No. 3:94-cv-3003-AS. As
in these cases, the plaintiff alleged that County officials had
received notice of Luckey's inappropriate contact with juvenile
males and failed to take action. See Peterson Decl. Ex. 3 (doc.
187-3) (Haney complaint). While the Haney case was pending, Luckey
committed suicide and the case eventually settled. The complaint in
Haney was not sealed and the names of the plaintiff and his
attorney were publicly known. Further, Luckey committed suicide in
1994, and all plaintiffs had turned eighteen by the end of 1996.[6]
At a result, any tolling of the statute of limitations due to
Luckey's threats or the plaintiffs' minor status ceased.

In light of Luckey's "commonly known" and inappropriate
interest in boys and the federal claims asserted against the County
in 1994, a reasonably diligent investigation would have revealed
the facts supporting plaintiffs' claims against the County long
before these suits were filed in 2012 and 2013. See Bibeau, 188

---

[6]Of the plaintiffs relevant to these motions, John Doe
turned 18 on September 23, 1996; John Doe 2 on July 6, 1993; John
Doe 3 on September 4, 1988; John Doe 5 on August 14, 1992; John
Doe 6 on April 22, 1987; John Doe 7 on December 20, 1986; Jack
Doe 3 on November 6, 1993; J.J. on December 11, 1988; and J.T on
November 30, 1983. See Def.'s Objections to Rep. & Rec. (docs.
299, 301, 303, 305, 307, 309, 311, 313, 315).

F.3d at 1108 (a plaintiff "must be diligent in discovering the critical facts").

Plaintiffs nonetheless assert that they "knew none of these facts, and had no reason to investigate the County's potential liability." Pls.' Combined Opp'n at 16 (doc. 192). However, the discovery rule employs an objective, rather than subjective, standard. <u>Gonzalez</u>, 284 F.3d at 288; <u>Singleton</u>, 951 F. Supp. 2d at 589. Plaintiffs provide no explanation or evidence as to why they did not or could not investigate the County's potential liability, particularly after the 1994 lawsuit against the County. Moreover, plaintiffs have emphasized that they did not obtain new information regarding the County's liability until discovery in this case, meaning that the facts discoverable before they filed suit would have been discoverable at a much earlier date. Thus, plaintiffs cannot now maintain that they were unable to discover the basis of their claims until shortly before filing suit.[7] See <u>S.M. v. Clash</u>,

_____

[7]Plaintiffs also argue that the statute of limitations is subject to equitable tolling and equitable estoppel. Plaintiffs assert that equitable tolling is appropriate because "extraordinary circumstances" and the harms they sustained from Luckey's abuse affected their ability to pursue their claims. <u>Kwai Fun Wong v. Beebe</u>, 732 F.3d 1030, 1052 (9th Cir. 2013) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way") (citation omitted). However, plaintiffs cite no declarations or other evidence to support this assertion. Pls.' Combined Opp'n at 31; <u>see Doe 171</u>, 2012 WL 1410320, at *3 (finding that "the sheer number of years since the [childhood sexual] abuse and the lack of extenuating circumstances" did not support tolling).

558 Fed. Appx. at 45 ("While the plaintiffs assert that they 'could not reasonably have been expected to know' that they suffered psychological harm as a result of the alleged abuse prior to 2012, they provide no explanation for this assertion.").

I recognize that what plaintiffs knew and when they knew it ordinarily are questions of fact precluding summary judgment. See Simmons, 805 F.2d at 1368. Indeed, if plaintiffs had brought their claims fifteen or even ten years earlier, I might be inclined to find that questions of fact exist regarding the information plaintiffs knew or should have known, given their ages, the nature of the claims, and the surrounding circumstances. However, plaintiffs long ago reached adulthood, and information supporting their claims has been a matter of public record since 1994; these facts were not "inherently unknowable" or "incapable of detection." Gonzalez, 284 F.3d at 289; Gregg, 2014 WL 4129525, at *9, n.6. Thus, at this point, no genuine issue of material fact precludes finding that plaintiffs knew, or in the exercise of reasonable diligence should have known, the facts supporting their claims

---

Plaintiffs also assert that the County should be estopped from asserting a statute of limitations defense, because Luckey threatened them with retribution and the County destroyed documents pertinent to Luckey sometime after the Haney case. However, plaintiffs fail to explain how Luckey's threats kept them from filing suit in the years following his suicide, and plaintiffs do not dispute that the County's destruction of documents occurred years after the Haney lawsuit and pursuant to its records retention policy. Plaintiffs produce no evidence to support equitable tolling or estoppel in these circumstances.

against the County more than two years before these lawsuits were filed. Accordingly, plaintiffs' § 1983 claims are barred.

This conclusion is not reached lightly or without empathy for plaintiffs. To the contrary, I recognize that the insidious nature of child sexual abuse - particularly when committed by a person in a position of authority like Luckey - may result in further tragedy when the attendant fear and shame prevents a victim from disclosing the abuse or seeking legal recourse for his or her injuries within the limitations period. However, it is not the role of this district court to alter federal common law and the relevant limitations period for causes of action seeking redress for psychological injuries arising from childhood sexual abuse.

## CONCLUSION

For the reasons set forth above, Magistrate Judge Clarke's Report and Recommendation (doc. 291) is ADOPTED, in part. Plaintiffs' motions for partial summary judgment and to strike declaration (docs. 167, 268) are DENIED, and defendant's motions for summary judgment (docs. 144, 146, 150, 153, 162, 171, 173, 175, 177) are GRANTED.

IT IS SO ORDERED.

Dated this _18th_ day of May, 2015.

_____
Ann Aiken
United States District Judge

21    - OPINION AND ORDER